NOTICE
Decision filed 11/02/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 230700-U

NO. 5-23-0700

IN THE

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Massac County. |
| | ) | |
| v. | ) | No. 23-CF-94 |
| | ) | |
| CHRISTOPHER GIBBS, | ) | Honorable |
| | ) | Cord Z. Wittig, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE CATES delivered the judgment of the court.
Justices Welch and Moore concurred in the judgment.

**ORDER**

¶ 1    *Held*: The trial court did not abuse its discretion in denying defendant's pretrial release where the court's findings that the defendant met the dangerousness standard, posing a real and present threat to the safety of any person or the community, and that no less restrictive conditions would avoid the real and present threat to the safety of any person or the community were not against the manifest weight of the evidence.

¶ 2    The defendant, Christopher Gibbs, who was charged in this case with robbery, aggravated battery, criminal sexual abuse, and domestic battery (enhanced sentence), appeals the trial court's order denying the defendant's pretrial release pursuant to the Safety, Accountability, Fairness and Equity-Today (SAFE-T) Act. See Pub. Acts 101-652,

1

§ 10-255; 102-1104, § 70 (eff. Jan. 1, 2023); *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (lifting stay and setting effective date as September 18, 2023).

¶ 3    Pretrial release is governed by the SAFE-T Act as codified in article 110 of the Code of Criminal Procedure of 1963 (725 ILCS 5/110-1 *et seq.* (West 2022)). A defendant's pretrial release may only be denied in certain statutorily limited situations. 725 ILCS 5/110-2(a), 110-6.1 (West 2022). After filing a timely verified petition requesting denial of pretrial release, the State has the burden to prove by clear and convincing evidence that the proof is evident or the presumption great that the defendant has committed a qualifying offense, that the defendant's pretrial release poses a real and present threat to the safety of any person or the community or a flight risk, and that less restrictive conditions would not avoid a real and present threat to the safety of any person or the community and/or prevent the defendant's willful flight from prosecution. 725 ILCS 5/110-6.1(e), (f) (West 2022). The trial court may order a defendant detained pending trial if the defendant is charged with a qualifying offense, and the trial court concludes the defendant poses a real and present threat to the safety of any person or the community (725 ILCS 5/110-6.1(a)(1)-(7) (West 2022)) or there is a high likelihood of willful flight to avoid prosecution (725 ILCS 5/110-6.1(a)(8) (West 2022)). If the trial court determines that the defendant should be denied pretrial release, the court is required to make written findings summarizing the reasons for denying pretrial release. 725 ILCS 5/110-6.1(h) (West 2022).

¶ 4    The SAFE-T Act provides a nonexclusive list of factors that the trial court may consider in making a determination of "dangerousness," *i.e.*, that the defendant poses a real and present threat to any person or the community. 725 ILCS 5/110-6.1(g) (West 2022). In

2

making a determination of dangerousness, the court may consider evidence or testimony as to factors that include, but are not limited to: (1) the nature and circumstances of any offense charged, including whether the offense is a crime of violence involving a weapon or a sex offense; (2) the history and characteristics of the defendant; (3) the identity of any person to whom the defendant is believed to pose a threat and the nature of the threat; (4) any statements made by or attributed to the defendant, together with the circumstances surrounding the statements; (5) the age and physical condition of the defendant; (6) the age and physical condition of the victim or complaining witness; (7) whether the defendant is known to possess or have access to a weapon; (8) whether at the time of the current offense or any other offense, the defendant was on probation, parole, or supervised release from custody; and (9) any other factors including those listed in section 110-5 of the SAFE-T Act. 725 ILCS 5/110-6.1(g) (West 2022).

¶ 5    In order to reverse a trial court's finding that the State presented clear and convincing evidence showing that mandatory conditions of release would fail to protect any person or the community, and/or that defendant had a high likelihood of willful flight to avoid prosecution, or defendant failed to comply with previously issued conditions of pretrial release thereby requiring a modification or revocation of the previously issued conditions of pretrial release, the reviewing court must conclude that the trial court's findings were against the manifest weight of the evidence. See *In re C.N.*, 196 Ill. 2d 181, 208 (2001) (setting a similar standard of review for requirement of clear and convincing evidence by the State in juvenile proceedings). "A finding is against the manifest weight of the evidence only if the opposite conclusion is clearly evident or if the finding itself is

unreasonable, arbitrary, or not based on the evidence presented." *People v. Deleon*, 227 Ill. 2d 322, 332 (2008). "Under the manifest weight standard, we give deference to the trial court as the finder of fact because it is in the best position to observe the conduct and demeanor of the parties and witnesses." *Deleon*, 227 Ill. 2d at 332. Additionally, questions regarding whether the trial court properly considered one or more of the aforementioned factors in determining dangerousness are reviewed for an abuse of discretion. See *People v. Simmons*, 2019 IL App (1st) 191253, ¶¶ 9, 15 (in considering trial court's decision to deny bail, the reviewing court will not substitute its judgment for that of the trial court merely because it would have balanced the appropriate factors differently). An abuse of discretion occurs when the decision of the circuit court is arbitrary, fanciful, or unreasonable, or where no reasonable person would agree with the position adopted by the court. *Simmons*, 2019 IL App (1st) 191253, ¶ 9.

¶ 6    If the trial court finds the State proved a valid threat to a person's safety or the community's safety and/or defendant's likely willful flight to avoid prosecution, or defendant's failure to abide by previously issued conditions of pretrial release, then the trial court must determine what pretrial release conditions, "if any, will reasonably ensure the appearance of a defendant as required or the safety of any other person or the community and the likelihood of compliance by the defendant with all the conditions of pretrial release." 725 ILCS 5/110-5(a) (West 2022). In reaching its determination, the trial court must consider: (1) the nature and circumstances of the offense charged; (2) the weight

of the evidence against the defendant; (3) the history and characteristics of the defendant;[1] (4) the nature and seriousness of the specific, real and present threat to any person that would be posed by the defendant's release; and (5) the nature and seriousness of the risk of obstructing or attempting to obstruct the criminal justice process. 725 ILCS 5/110-5(a) (West 2022). The statute lists no singular factor as dispositive. 725 ILCS 5/110-5(a) (West 2022). The trial court's pretrial release determination, modification of pretrial release determination, or revocation of pretrial release determination will not be reversed unless the determination was an abuse of discretion. See *People v. Perruquet*, 68 Ill. 2d 149, 154 (1977); *People v. Etherton*, 2017 IL App (5th) 140427, ¶ 15 (setting a similar standard of review for the sentence imposed on the defendant after the trial court's consideration of statutory factors and evidence presented at sentencing).

¶ 7    On September 19, 2023, the defendant was charged by information with four felony counts in Massac County, Illinois. Count I alleged robbery in violation of section 18-1 of the Criminal Code of 2012 (Code) (720 ILCS 5/18-1 (West 2018)), a Class 2 felony. Count II alleged aggravated battery in violation of section 12-3 of the Code (720 ILCS 5/12-3 (West 2018)), a Class 3 felony. Count III alleged criminal sexual abuse in violation of section 11-1.50(a)(1) of the Code (720 ILCS 5/11-1.50(a)(1) (West 2018)), a Class 4 felony. Count IV alleged domestic battery (enhanced sentence) in violation of section 12-

---

[1]The defendant's history and characteristics include: "the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past relating to drug or alcohol abuse, conduct, *** criminal history, and record concerning appearance at court proceedings," as well as "whether, at the time of the current offense or arrest, the defendant was on probation, parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under federal law, or the law of this or any other state." 725 ILCS 5/110-5(a)(3)(A), (B) (West 2022).

3.2(a)(1) of the Code (720 ILCS 5/12-3.2(a)(1) (West 2018)), a Class 4 felony. On September 19, 2023, the State also filed a verified petition seeking to deny pretrial release. The State alleged that the defendant was charged with qualifying offenses, including a forcible felony and domestic battery, and that the defendant's pretrial release posed a real and present threat to the safety of persons or the community. The State further alleged that on September 17, 2023, two days prior to the present charges, the defendant was charged with aggravated domestic battery and domestic battery (enhanced sentence) in a separate case, that the defendant posted bond on those charges on September 17, 2023, and that the defendant was arrested on the present charges the next day.

¶ 8    On September 19, 2023, the trial court held a pretrial release hearing. After considering the State's proffer, including a police report and photographic exhibits, and the arguments of counsel, the trial court entered a written order of detention. In the order, the trial court found by clear and convincing evidence that the defendant was charged with the offenses alleged, and that at least one of the offenses was a qualifying offense under the SAFE-T Act. The trial court further found by clear and convincing evidence that the defendant posed a real and present threat to the safety of any person or persons in the community based upon the articulable facts of the case, and that no conditions could mitigate the real and present threat to the safety of any person or the community. Specifically, the trial court found that the offenses had occurred in public; that the defendant had a history of violence, especially against women; and, that the defendant was on bond in another felony case at the time these offenses occurred, with a condition that he

6

should not violate any criminal statutes. The defendant timely appealed. Ill. S. Ct. R. 604(h)(2) (eff. Sept. 18, 2023).

¶ 9    On appeal, the defendant claims that the trial court erred in denying pretrial release. In his notice of appeal,[2] the defendant argues that the State failed to meet its burden to show by clear and convincing evidence that the defendant posed a threat to the safety of any person because the police report offered at the detention hearing indicates that there was a video that corroborated the victim's statement, although the video was not produced at the hearing. The defendant further claims that the police report indicates that the video did not show any action that caused injury to the victim. The defendant also argues that the State failed to meet its burden by clear and convincing evidence that there were no conditions that could mitigate the defendant's threat to the safety of any person in that there was no evidence that the defendant would not have abided by a no-contact order.

¶ 10    In response, the State argues that it met its burden of proving by clear and convincing evidence that the defendant committed a qualifying offense under the SAFE-T Act; that the defendant posed a real and present threat to the safety of any person, or the community, based upon the articulable facts of the case; and, that no condition or conditions could mitigate against the real and present threat. The State also argued that it presented evidence that the victim suffered harm at the hands of the defendant; that the

---

[2]The Office of the State Appellate Defendant (OSAD) was appointed to represent the defendant on appeal. On October 13, 2023, OSAD filed a notice in lieu of a memorandum, in which OSAD stated that it would stand on the defendant's notice of appeal. Ill. S. Ct. R. 604(h) (eff. Sept. 18, 2023).

defendant had a criminal history of violence, including violence against women; and that the defendant was on pretrial release at the time he committed the alleged offenses.

¶ 11     The record reveals that at the detention hearing on September 19, 2023, the State informed the trial court that the defendant had been charged with three detainable offenses: robbery, domestic battery (enhanced sentence), and criminal sexual abuse. The State then offered, as Exhibit 1, the police report that described the conduct that gave rise to the charges. Specifically, the police report indicated that on September 18, 2023, at 5:23 a.m., the Metropolis Police Department received a 9-1-1 call from Karis Ezell indicating that she had been in a physical altercation with Christopher Gibbs and needed an escort back to her home. She was at the Casey's General Store (Casey's). Ezell was taken to the hospital. While there, she was interviewed by officers using a body camera. Ezell knew the defendant and had agreed to meet him in an area near Casey's. The defendant allegedly accused Ezell of being unfaithful to him and wanted to go through her phone. The conversation continued until the defendant suggested that they go to Casey's. Ezell claimed that as they walked to Casey's, the defendant put his hand down her pants. When she refused that gesture, the defendant then grabbed her by the finger and dragged her across the street. Ezell claimed that the defendant then hit her in the head, "kicked her in her hip and the side of her chest, took his nails and dug into the palm of her hand, and pushed her down while she was attempting to elude him." Ezell ran into Casey's and the defendant followed her in. Ezell alleged that the defendant then tried to pull her out of Casey's, but she held on to the counter. Finally, the defendant took Ezell's phone and left. Ezell used the phone of a Casey's employee to call 9-1-1. The defendant was arrested shortly

thereafter at his home. The police gathered video surveillance from the Casey's and a nearby business, both of which were alleged, in the police report, to have corroborated the victim's statements.

¶ 12    During the hearing, the State also argued that the defendant posed a threat to the safety of persons or the community based on the current charges and because he was out on bond in another case (23-CF-93) involving violence to a separate victim when the current charges were filed. The police report describing the facts of that case was offered as Exhibit 2. The State also offered evidence of the defendant's criminal history, including a plea of guilty to a charge of domestic battery, a Class A misdemeanor, in Jackson County, Illinois. Copies of the plea and the judgment of conviction were offered as Exhibit 3.

¶ 13    Counsel for the defendant argued that while the defendant had a criminal history, his last battery charge was in 2013. Defense counsel also pointed out that the charge on which the defendant had bonded out had a no-contact provision, which the defendant had abided by. Therefore, there was no reason to believe the same kind of provision could not apply in this case. Finally, defense counsel argued that the defendant was employed and being detained would jeopardize his employment.

¶ 14    At the conclusion of the proffers, and after examining the exhibits, and considering the arguments of counsel, the trial court found that the defendant was charged with detainable offenses. The trial court also found that the proof was evident, and the presumption great as to those offenses; that the defendant posed a real threat to the safety of a person or persons or the community based upon the following specific and articulable

9

facts: the statements of the victim, the nature of the offenses, and the fact that the offense occurred in public.

¶ 15    Additionally, the trial court found that the defendant had a substantial history of violence, including violence against women, as evidenced by the prior charge in 23-CF-93, and that the defendant had posted bond in the prior case, with the condition that he would not violate any criminal statutes. The trial court further found that the proximity of the two cases did not give the defendant time to violate a no-contact order in 23-CF-93, and that no condition or combination of conditions could mitigate the threat to the physical safety of any person or the community at large. In addition, the trial court found that the statements of the victim were corroborated by the photographs of the physical injuries suffered by the victim. The trial court concluded that the State had presented clear and convincing evidence that detention was necessary. The trial court then ordered that the defendant be detained. A written order containing the court's findings and decision was issued that day.

¶ 16    Based on our review of the record, and any memoranda submitted, we find that the trial court's finding that the defendant met the dangerousness standard, posing a real and present threat to the safety of any person or the community, was not against the manifest weight of the evidence; and, that the trial court's determination that no less restrictive conditions would avoid the real and present threat to the safety of any person or the community was not against the manifest weight of the evidence.

10

¶ 17    We have thoroughly reviewed the record on appeal and conclude it does not demonstrate that the trial court's order denying pretrial release was an abuse of discretion. Therefore, the trial court's order is hereby affirmed.

¶ 18    Affirmed.