2023 IL App (1st) 231901-U

FIFTH DIVISION
December 15, 2023

No. 1-23-1901B

NOTICE: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 23 MC1 11299701 |
| | ) | |
| CASSER WILLIAMS, | ) | Honorable |
| | ) | Michele A. Gemskie, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE LYLE delivered the judgment of the court.
Presiding Justice Mitchell and Justice Mikva concurred in the judgment.

ORDER

¶ 1    *Held*: The circuit court's order continuing the denial of defendant's pretrial release is affirmed.

¶ 2    On October 12, 2023, the circuit court entered an order to detain the defendant-appellant, Casser Williams, under the dangerousness standard of section 110-6.1 of the Code of Criminal Procedure of 1963 (Code) as amended by Public Acts 101-652, § 10-255 and 102-1104 § 70 (eff. Jan. 1, 2023) (725 ILCS 5/110-6.1 (West 2022)), commonly known as the Pretrial Fairness Act. On October 17, 2023, the circuit court continued the pretrial detention under the dangerousness

and willful flight standards of section 110-6.1 of the Code. On appeal, Mr. Williams challenges the circuit court's decision. For the reasons that follow, we affirm the judgment of the circuit court of Cook County.

¶ 3                                                    BACKGROUND

¶ 4     On October 12, 2023, the State filed a petition for the pretrial detention of Mr. Williams. On that date, the trial court conducted a pretrial detention hearing. During the hearing, the State alleged, via a proffer, that on October 10, 2023, Mr. Williams entered the Everything Dollar Plus Store in Chicago. The owners of the store, a husband and wife, were working that day and had previous interactions with Mr. Williams because he had stolen items from the store in the past. When Mr. Williams entered the store, he had a metal cane and a metal cart with him. According to the State's proffer, he loaded store items into the cart and moved past the last point of sale and out of the store. The husband and wife confronted Mr. Williams to recover the stolen items. At that point, Mr. Williams swung his cane, which hit the husband in the face, and pulled a switchblade type of knife and cut the wife's arm to the bone. She was subsequently hospitalized and received 10 stitches to treat the injury. Mr. Williams then fled from the scene, and the victims called law enforcement. Mr. Williams was arrested and later identified by the husband. The wife failed to identify Mr. Williams in a photograph array.

¶ 5     The State informed the court that Mr. Williams has four felony convictions, a 2016 aggravated robbery conviction involving a knife, a 2008 robbery conviction, a 2005 theft conviction, and a 2000 aggravated battery involving great bodily harm. Mr. Williams was on parole for the 2016 aggravated robbery, after seven years of imprisonment, until July 12, 2021. The State also mentioned Mr. Williams had four prior misdemeanor convictions. The State argued

Mr. Williams posed a "real and present threat to the safety of any person or persons in the community."

¶ 6    In response, defense counsel requested electronic monitoring, explaining that Mr. Williams is 56 years old and is a lifelong resident of Cook County. While currently unhoused, defense counsel mentioned he has four adult children. In rebuttal, the State noted that Mr. Williams has been arrested 82 times. The pretrial services officer stated that Mr. Williams scored a four out of six on the criminal activity scale and a three out of six on the failure to appear scale.

¶ 7    After the hearing, the trial court found that based on the proffered facts the State proved by clear and convincing evidence that there is a great presumption that Mr. Williams committed the offense of armed robbery. The court subsequently found that Mr. Williams was a real and present threat to the community given the injuries to the victim and based on his violent criminal history. Since Mr. Williams had allegedly committed crimes against the victims before and was before the court with another robbery involving a weapon, the court found that no conditions could mitigate the risk that Mr. Williams posed to the community. As a result, the court granted the petition for pretrial detainment finding that Mr. Williams was a real and present threat to a person or person in the community. The case was continued to October 17, 2023.

¶ 8    On October 17, 2023, the State explained to the trial court that it anticipated Mr. Williams would be indicted and were seeking a next court date of November 3, 2023. The trial court found that continued detention was appropriate to ensure Mr. Williams came to court and for the safety of the victim in this case based on the court's review of the allegations, his criminal history, and the previous detention order. While Mr. Williams seemingly questioned the further detainment, his counsel did not make any argument. On that date, Mr. Williams filed his notice of appeal

regarding the October 17, 2023, order. As the grounds for relief, Mr. Williams checked the "other" box and stated, "[he] disagrees with being detained in this case and wishes to be released.

¶ 9                                      ANALYSIS

¶ 10    We note that we have jurisdiction to consider this matter, as Mr. Williams filed a timely notice of appeal. See Ill. S. Ct. R. 604(h)(1)(iii) (eff. Sept. 18, 2023).

¶ 11    We initially note that Mr. Williams decided not to file an appellant memorandum. As a result, we are left with reviewing the record to see if an error is apparent on its face. See *People v. Inman*, 2023 IL App (4th) 20864, ¶ 14.

¶ 12    While there is a split amongst the districts about the standard of review for an appeal pursuant to the newly amended section 110-6.1 of the Code (725 ILCS 5/110-6.1(West 2022)), the First District has found that the appropriate standard of review is an abuse of discretion standard. *People v. Whitmore*, 2023 IL App (1st) 231807B, ¶ 18; See *Inman*, 2023 IL App (4th) 20864 (stating the appropriate standard of review is an abuse of discretion), ¶ 10; *Cf. People v. Gibbs*, 2023 IL App (5th) 230700-U, ¶ 5 (stating conversely that the appropriate standard of review is manifest weight of the evidence). "An abuse of discretion occurs when the circuit court's decision is 'arbitrary, fanciful or unreasonable,' or where 'no reasonable person would agree with the position adopted by the trial court.' " *People v. Simmons*, 2019 IL App (1st) 191253, ¶ 9 (quoting *People v. Becker*, 239 Ill. 2d 215, 234 (2010)).

¶ 13    Under section 110-6.1(a)(1.5) of the Code (725 ILCS 5/110-6.1(a)(1.5) (West 2022)), a trial court may deny a defendant pretrial release only if, "the defendant's pretrial release poses a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case, and the defendant is charged with a forcible felony."

Moreover, though all defendants "shall be presumed eligible for pretrial release," the State bears the burden of proving by clear and convincing evidence that "the proof is evident or the presumption great" that the defendant committed an offense listed in section 110-6.1(a) of the Code; that the defendant "poses a real and present threat to the safety of any person or persons or the community, based on articulable facts; and that "no condition or combination of conditions set forth in subsection (b) of section 110-10 [of the Code] can mitigate (i) the real and present threat to the safety of any person or persons or the community" for the enumerated offenses in section 110-6.1(a) of the Code, or "(ii) the defendant's willful flight for offenses listed in section 110-6.1(a)(8) of the Code." 725 ILCS 5/110-6.1(e) (West 2022)).

¶ 14    In this case, the trial court heard the State's proffer, which stated Mr. Williams had stolen from the victims in the past and the husband was able to identify him in a photograph array as the person who attacked him. The evidence produced by the State showed by clear and convincing evidence that Mr. Williams likely committed the offense against the victims. Moreover, the State provided the court with Mr. Williams' criminal background, which included three forcible felony convictions. The court was also aware that he had recently completed parole on his last aggravated robbery conviction, and the location of the current incident was a store which Mr. Williams had been before. Regarding the last prong of the analysis, that no combination of conditions would mitigate the risk, Mr. Williams' criminal history shows a dangerous disregard for the law and rules, given his violent criminal history and allegedly perpetrating crimes against the same store. Even if he was granted electronic monitoring as requested by his counsel, there is no indication that he would not violate that condition. Additionally, pretrial services assessed Mr. Williams and found he was a three on the "failure to appear" risk scale and noted that he had a prior failure to appear

to court in his criminal history. Further, since he was unhoused, electronic monitoring was not feasible. Accordingly, we do not find that the court's was an abuse of discretion and affirm the court's order continuing the pretrial detainment and the initial pretrial detainment order.

¶ 15                                    CONCLUSION

¶ 16    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 17    Affirmed.