NOTICE
Decision filed 12/26/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 230817-U

NO. 5-23-0817

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Champaign County. |
| | ) | |
| v. | ) | No. 23-CF-1206 |
| | ) | |
| DAVID A. REYNOLDS, | ) | Honorable |
| | ) | Brett N. Olmstead, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE McHANEY delivered the judgment of the court.
Presiding Justice Vaughan and Justice Boie concurred in the judgment.

**ORDER**

¶ 1    *Held*: Where the circuit court complied with 725 ILCS 5/110-6.1(f)(3), the circuit court's order granting the State's petition to detain is affirmed.

¶ 2    The defendant, David Reynolds, appeals the Champaign County circuit court's order regarding his pretrial release pursuant to Pub. Act 101-652 (eff. Jan. 1, 2023), commonly known as the Safety, Accountability, Fairness and Equity-Today Act (Act).[1] See Pub. Acts 101-652, § 10-255, 102-1104, § 70 (eff. Jan. 1, 2023); *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (lifting stay and setting effective date as September 18, 2023).

---

[1]The Act has also sometimes been referred to in the press as the Pretrial Fairness Act. Neither name is official, as neither appears in the Illinois Compiled Statutes or public act. *Rowe v. Raoul*, 2023 IL 129248, ¶ 4 n.1.

1

¶ 3                                    I. BACKGROUND

¶ 4      On September 28, 2023, the State charged the defendant by information with two counts

of domestic battery (720 ILCS 5/12-3.2(a)(1), (2) (West 2022)), unlawful possession of a

controlled substance (720 ILCS 570/402(c) (West 2022)), and a violation of conditions of pretrial

release (725 ILCS 5/110-10(b) (West 2022)). The State also filed a petition to deny pretrial release,

alleging that the defendant posed a real and present threat to the safety of the community that could

not be mitigated by any combination of conditions for pretrial release. The circuit court held a

hearing on the State's petition on the same date.

¶ 5      At that hearing, the defendant was present by video, along with other defendants with

pending cases. The defendant was also represented by counsel. At the outset of the hearing, the

circuit court stated:

        "[Y]our attorney is here in the courtroom, but, if you wish to have a private discussion with

        your attorney during your hearing, just let me know by raising your hand and speaking up,

        and I will pause to let you do that. And what'll happen is your attorney will step out and

        use a phone from a private location, you'll step out of that room there and go to the booking

        area phone, and you can have that private conversation with your attorney. That private

        discussion with your attorney is privileged and confidential. It's not gonna be part of the

        record in this case. No one is going to be listening to it.

            *** The record of this hearing, including the testimony of you and anyone else, can,

        can be used by the State at trial, but only for limited purposes. It's only—or it only can be

        used to impeach the testimony of a trial witness, meaning to cast doubt on that witness's

        trial testimony, to show that a trial witness made an inconsistent statement at this hearing,

                                               2

or to support a prosecution for perjury, claiming that testimony today was knowingly false."

¶ 6        The State proffered the defendant's criminal history, which included convictions of misdemeanor and felony domestic battery in 2020, which involved the same victim in both cases. He was also convicted of a felony violation of an order of protection, which again involved the same victim. The defendant was sentenced to probation on all of these cases, from which the defendant was unsuccessfully discharged. At the time of the instant offense, the defendant was on probation for separate felony convictions involving the use of counterfeit currency.

¶ 7        At the time of the hearing on September 28, 2023, the defendant also had a pending felony domestic battery, Champaign County case No. 23-CF-1135, which again involved the same victim. The State also proffered facts for Champaign County case No. 23-CF-1206, the case from which the now defendant appeals. In case No. 23-CF-1135, the State proffered that the defendant attempted to slash the victim's tires, punched her, and dragged her through a mud puddle. He then threatened to retrieve his firearm and "shoot the house up." In case No. 23-CF-1206, the State proffered that the defendant was found sleeping in the victim's car without permission, refused to get out, and grabbed the victim by the hair while striking her several times. When the defendant was charged in 23-CF-1206, he was wearing a court-ordered GPS monitor and was aware of a no-contact order with the victim, both of which were conditions of his pretrial release in 23-CF-1135.

¶ 8        Defense counsel presented the circuit court with the defendant's age, current living situation, a potential future location for his residence, and alleged potential employment. Defense counsel also argued that there were less restrictive conditions than pretrial detention and that "the State did not prove by clear and convincing evidence that there is anything else that cannot be possibly done for this young man or that it is necessary."

¶ 9    At the conclusion of the hearing, the circuit court found the defendant was charged with a detainable defense as outlined by the Act, finding by clear and convincing evidence that the proof was evident that the defendant committed a qualifying offense, and despite the pretrial assessment stating that the defendant was a low risk for reoffending, given the violent nature of this offense, the defendant posed a real and present danger to the safety of the victim and potentially to other persons in the community. The circuit court also found that there were not any conditions or any combination of conditions that could mitigate the real and present danger posed by the defendant. The court entered its order that the defendant be detained, from which the defendant timely appealed. Ill. S. Ct. R. 604(h)(2) (eff. Sept. 18, 2023).

¶ 10                                II. ANALYSIS

¶ 11    On appeal, the defendant argues that he was denied his right to due process because he was denied a meaningful opportunity to be heard or adequately confer with counsel. Alternatively, the defendant argues his counsel was ineffective.

¶ 12    Pretrial release is governed by the Act as codified in article 110 of the Code of Criminal Procedure of 1963 (725 ILCS 5/art. 110 (West 2022)). A defendant's pretrial release may only be denied in certain statutorily limited situations. *Id.* §§ 110-2(a), 110-6.1. After filing a timely verified petition requesting denial of pretrial release, the State has the burden to prove by clear and convincing evidence that the proof is evident or the presumption great that the defendant has committed a qualifying offense, that the defendant's pretrial release poses a real and present threat to the safety of any person or the community or a flight risk, and that less restrictive conditions would not avoid a real and present threat to the safety of any person or the community and/or prevent the defendant's willful flight from prosecution. *Id.* § 110-6.1(e), (f). The circuit court may order a defendant detained pending disposition if the defendant is charged with a qualifying

4

offense, and the circuit court concludes the defendant poses a real and present threat to the safety of any person or the community (*id.* § 110-6.1(a)(1)-(7)) or there is a high likelihood of willful flight to avoid prosecution (*id.* § 110-6.1(a)(8)). If the circuit court determines that the defendant should be denied pretrial release, the court is required to make written findings summarizing its reasons. *Id.* § 110-6.1(h) The defendant has the right to be represented by counsel, the right to testify, and the right to confer with his counsel before the detention hearing. *Id.* § 110-6.1(f)(3).

¶ 13   Section 110-6.1(f)(3), in relevant part, provides:

"The defendant has the right to be represented by counsel, and if he or she is indigent, to have counsel appointed for him or her. The defendant shall have the opportunity to testify, to present witnesses on his or her own behalf, and to cross-examine any witnesses that are called by the State. Defense counsel shall be given adequate opportunity to confer with the defendant before any hearing at which conditions of release or the detention of the defendant are to be considered, with an accommodation for a physical condition made to facilitate attorney/client consultation. If defense counsel needs to confer or consult with the defendant during any hearing conducted via a two-way audio-visual communication system, such consultation shall not be recorded and shall be undertaken consistent with constitutional protections." *Id.*

¶ 14   If the circuit court finds the State proved a valid threat to a person's safety or the community's safety and/or defendant's likely willful flight to avoid prosecution, or defendant's failure to abide by previously issued conditions of pretrial release, then the trial court must determine what pretrial release conditions, "if any, will reasonably ensure the appearance of a defendant as required or the safety of any other person or the community and the likelihood of compliance by the defendant with all the conditions of pretrial release." *Id.* § 110-5(a). In reaching

5

its determination, the circuit court must consider: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant;[2] (4) the nature and seriousness of the specific, real and present threat to any person that would be posed by the defendant's release; and (5) the nature and seriousness of the risk of obstructing or attempting to obstruct the criminal justice process. *Id*. The statute lists no singular factor as dispositive. *Id*. The circuit court's pretrial release determination, modification of pretrial release determination, or revocation of pretrial release determination will not be reversed unless the determination was an abuse of discretion. See *People v. Perruquet*, 68 Ill. 2d 149, 154 (1977); *People v. Etherton*, 2017 IL App (5th) 140427, ¶ 15 (setting a similar standard of review for the sentence imposed on the defendant after the circuit court's consideration of statutory factors and evidence presented at sentencing).

¶ 15     Here, the defendant complains that he was not given an opportunity to be heard and he was not given an adequate opportunity to confer with counsel prior to his detention hearing. The only facts cited by the defendant in support of this argument are the following interruptions made by the defendant near the end of the hearing:

> "THE DEFENDANT: Well, all that shit is (unintelligible).
>
> MR. REYNOLDS:[3] —didn't stop him from having—
>
> THE DEFENDANT: (Unintelligible.)
>
> THE COURT: Hold on.

---

[2]The defendant's history and characteristics include: "the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past relating to drug or alcohol abuse, conduct, *** criminal history, and record concerning appearance at court proceedings," as well as "whether, at the time of the current offense or arrest, the defendant was on probation, parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under federal law, or the law of this or any other state." 725 ILCS 5/110-5(a)(3)(A), (B) (West 2022).

[3]The assistant state's attorney has the same last name as the defendant in this case.

MR. REYNOLDS: —contact with her—

THE DEFENDANT: (Unintelligible.)

MR. REYNOLDS: —from—

THE DEFENDANT: (Unintelligible.)

THE COURT: Well, hold on a second. You—that Mr. Reynolds, you need to hold on. Mr. Reynolds, you—it's just—it's the state's opportunity to make argument. I, I just need you to stay silent.

THE DEFENDANT: (Unintelligible.)

THE COURT: Your attorney gets to go next, okay, so this is the State making their argument, then I'll hear from your attorney."

¶ 16    The record reveals that the circuit court meticulously complied with section 110-6.1(f)(3). The defendant was represented by counsel and was explicitly informed of the manner in which a private consultation with his attorney could occur if requested. Neither the defendant nor counsel ever requested additional time to confer, either before or during the hearing. Further, the defendant cites nothing in the record to support an argument that the defendant wanted to testify but was denied that right.

¶ 17    The defendant alternatively argues that his counsel was ineffective. Constitutionally competent assistance is measured by a test of whether the defendant received "reasonably effective assistance." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Overall, to prevail on an ineffective-assistance-of-counsel claim, "[the] defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *People v. Lefler*, 294 Ill. App. 3d 305, 311 (1998) (citing *Strickland*, 466 U.S. at 694).

7

¶ 18    With a claim of ineffective assistance of counsel, we apply the two-prong *Strickland* test, adopted by the Illinois Supreme Court in *People v. Albanese*, 104 Ill. 2d 504, 526-27 (1984). Under this test, the defendant must prove that: (1) defense counsel's performance was deficient or fell below an objective standard of reasonableness and (2) the defendant suffered prejudice because of defense counsel's deficient performance. *Strickland*, 466 U.S. at 687. If the defendant fails to establish either prong of the *Strickland* test, the ineffective assistance claim fails. *People v. Theis*, 2011 IL App (2d) 091080, ¶ 39. If the defendant does not raise his or her ineffective assistance of counsel claim in the circuit court, our review on appeal is *de novo*. *People v. Berrier*, 362 Ill. App. 3d 1153, 1166-67 (2006). The reviewing court is not required to analyze both *Strickland* prongs and may conclude that the defendant failed to establish ineffective assistance because he was not prejudiced by counsel's alleged deficient performance. *People v. Perry*, 224 Ill. 2d 312, 342 (2007). "[I]n order to establish deficient performance, the defendant must overcome the strong presumption that the challenged action or inaction may have been the product of sound trial strategy." (Internal quotation marks omitted.) *People v. Manning,* 241 Ill. 2d 319, 327 (2011).

¶ 19    The mere fact that the defendant's attorney did not request additional time to confer with her client before or during the hearing does not equate to ineffective assistance. There is nothing in the record to overcome the strong presumption that defense counsel's actions or inactions were anything but the product of sound strategy.

¶ 20                                        III. CONCLUSION

¶ 21    For the reasons stated above, we affirm the detention order entered by the Champaign County circuit court.

¶ 22    Affirmed.