NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 231074-U

NOS. 4-23-1074, 4-23-1075 cons.

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
January 10, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Winnebago County |
| CLINT A. REED, | ) | Nos. 23DT440 |
| Defendant-Appellant. | ) | 23CM2042 |
| | ) | |
| | ) | Honorable |
| | ) | Philip J. Nicolosi, |
| | ) | Judge Presiding. |

JUSTICE DeARMOND delivered the judgment of the court.
Justices Cavanagh and Knecht concurred in the judgment.

**ORDER**

¶ 1    *Held*: The appellate court affirmed, finding the circuit court did not abuse its discretion
in denying defendant pretrial release.

¶ 2    Defendant, Clint A. Reed, appeals the circuit court's order denying pretrial release
under article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-1 *et seq.*
(West 2022)), as amended by Public Act 101-652 (eff. Jan. 1, 2023), commonly known as the
Pretrial Fairness Act (Act). See Pub. Act 102-1104, § 70 (eff. Jan. 1, 2023) (amending various
provisions of the Act); *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (setting the Act's effective date as
September 18, 2023). On appeal, defendant contends the court erred in finding no condition or
combination of conditions would reasonably ensure his appearance for later hearings or prevent
him from being charged with a subsequent felony or Class A misdemeanor. Within that

argument, defendant also claims the State failed to meet its burden of proving by clear and convincing evidence no condition or combination of conditions could mitigate the real and present threat of his willful flight. On December 12, 2023, the Office of the State Appellate Defender (OSAD) filed a notice in lieu of a Rule 604(h) memorandum (see Ill. S. Ct. R. 604(h) (eff. Dec. 7, 2023)), and the State filed a memorandum in response on December 22, 2023. For the following reasons, we affirm the court's judgment.

¶ 3                                    I. BACKGROUND

¶ 4            On July 26, 2023, defendant was arrested and given several traffic citations for driving with an expired license (more than one year) (625 ILCS 5/6-101 (West 2022)), driving under the influence (DUI) (alcohol/intoxicating compound/drug) (625 ILCS 5/11-501(a)(5) (West 2022)), operating a motor vehicle while registration suspended (625 ILCS 5/3-708 (West 2022)), and operating an uninsured motor vehicle (625 ILCS 5/3-707(a) (West 2022)).

¶ 5            After being arraigned on the same date, defendant's bond was set at $5000 as a recognizance bond and he was released. His bond conditions required him to appear at all court dates, not violate any criminal statutes, not possess or consume alcohol, cannabis, or any controlled substance unless prescribed, and obey all traffic laws. He was ordered to reappear in court on August 22, 2023. When he failed to do so, a bench warrant was issued for his arrest and bond was set at $5000, with 10% to apply. Defendant was arrested on September 23, 2023, and appeared in court on September 25, 2023. He was again released, this time pursuant to the provisions of the Code (725 ILCS 5/110 *et seq.* (West 2022)), with conditions requiring him not to violate any criminal statute, to submit himself to the orders of the circuit court, and to reappear in court on October 23, 2023, for a status/pretrial conference.

¶ 6            On October 4, 2023, the State filed a verified petition to revoke defendant's pretrial release under section 110-6(a) of the Code (725 ILCS 5/110-6(a) (West 2022)), as amended by the Act, alleging defendant committed a new offense while on pretrial release, namely, criminal damage to property (720 ILCS 5/21-1(a)(1) (West 2022)), for which he was charged on October 3, 2023. The State further alleged "[n]o condition or combination of conditions of release would reasonably ensure the appearance of the defendant for later hearings or prevent the defendant from being charged with a subsequent felony or class A misdemeanor." See 725 ILCS 5/110-6(a) (West 2022). Based on the State's petition, the circuit court entered an order for detention pending a revocation hearing.

¶ 7            On October 6, 2023, defendant appeared with appointed counsel for a hearing on the State's petition. The State's proffer included probable cause statements from the traffic arrest and the incident leading to defendant's most recent arrest for criminal damage to property. The State noted defendant was uncooperative with the officers during the traffic stop—he either refused or ignored their commands, he refused a field sobriety test at the scene, and he refused a Breathalyzer and blood test later. Upon his release from custody, defendant was not to possess or consume alcohol, cannabis, or other "illicit drugs," and he was "not to violate any criminal statutes of any jurisdiction."

¶ 8            The proffer for the October 3, 2023, arrest indicated defendant's girlfriend called the police, claiming defendant was hitting her and her vehicle. She asked to meet the officers at a different location, where she advised defendant had pushed and choked her and began damaging her vehicle. Responding to the scene, officers observed multiple signs of recent damage to the vehicle, and the victim said she wanted to press charges. Defendant was "intoxicated and

belligerent" and resisted multiple officers as they sought to take him into custody, leading ultimately to the use of mace to subdue him.

¶ 9            The State argued defendant should be detained based upon a "verifiable threat." It noted defendant violated his existing bond by committing another criminal offense and consuming alcohol. The State also referenced the allegations of physical abuse and damage to the vehicle, as well as defendant's combativeness with officers in both incidents. The State argued the victim's claim of being choked, along with asking to meet the officers at a different location to report the crime, were evidence of her concern for her safety. The State also asserted a threat to the community existed based on "multiple instances where defendant was intoxicated" and "multiple instances where he is verbally and physically combative with police," to the point where he had to be maced. It contended defendant's continued drinking and picking up new charges showed he was a threat to the community and asked for him to be detained.

¶ 10           Defendant testified to his history of alcohol consumption, lack of substance abuse treatment, and willingness to attend inpatient treatment and undergo random testing. On cross-examination, defendant said he had never sought treatment before because he had "been in the whole denial phase" and did not believe he had a problem. He said he had "been staying with a friend, but after talking with my lawyer, I think that the rehab would be a better suit for me."

¶ 11           The State tendered the pretrial services report and indicated defendant had been "on probation in McHenry County for a battery/bodily harm" since January 2023. He also had a "transportation/carry alcohol/liquor driver charge" from July 2022 in McHenry County and a prior conviction for domestic battery from Clay County in August 2014, where he received "one year probation and 15 days in jail." The State referenced defendant's probation in McHenry County for a 2006 theft conviction, receiving "30 days jail, 30 days probation," and "around the

- 4 -

same time, in McHenry County, he was given 75 days jail" on November 1, 2006, for battery/makes physical contact. The State also noted he received an additional 200 days in jail for either the same battery or another on November 1, 2006, in McHenry County and had been given probation on December 22, 2005, in McHenry County for contributing to the delinquency of a child.

¶ 12    The State argued for detention:

"So he's currently on probation—according to the pretrial services agreement, which isn't perfect, he's currently on probation for battery in McHenry County. So if the standard is do we think that the defendant would pick up more charges, then the answer is yes.

While on probation for a battery, he picks up a DUI and then follows it up—while on probation in McHenry County and on pretrial release in Winnebago County picks up charges for criminal damage to property where he's alleged to have committed violent actions against a vehicle as well as he's resisting a peace officer.

*** there are no conditions of pretrial release, I would argue, that do not make it where the defendant cannot pick up another Class A misdemeanor."

¶ 13    Noting the State's burden was "clear and convincing evidence," defendant's counsel pointed to his history with alcohol, with "multiple charges for alcohol and possession of liquor by a minor." He acknowledged defendant's alleged violations of previous circuit court orders, including his failure to appear previously in this case, but he argued his lack of treatment, when coupled with his willingness to obtain it now—including residential treatment, "would ensure that [defendant] would be appearing regularly in court and not pick up new offenses."

Counsel also pointed to the fact the new offenses were not detention eligible and were not subject to the "dangerousness standard or the willful flight standard."

¶ 14 When ruling on the State's verified petition to revoke pretrial release, the circuit court noted defendant's presence, representation by counsel, and opportunity to be heard and present evidence. The court outlined the terms of defendant's previous release on a recognizance bond and its related conditions, considering "all relevant circumstances, including, but not limited to, the nature and seriousness of the violation or criminal act alleged." The court recognized the State's burden "to prove by clear and convincing evidence that no condition or combination of conditions of release will reasonably ensure the appearance of the defendant for later hearings or prevent the defendant from *** being charged with a subsequent felony or Class A misdemeanor." The court acknowledged listening to the State's proffers and reading the pretrial risk assessment which placed defendant at a "moderate/high risk."

¶ 15 Reciting defendant's criminal history, the circuit court listed: "a battery from '06, a battery from '04, domestic battery from 2012, then a battery from late 2022, where he was placed on probation for one year, at least according to this report, starting January 27th." The court further noted how, while on probation, defendant violated its terms by committing the new DUI and then, while on bond and probation, he was arrested for criminal damage to property.

¶ 16 The circuit court revoked defendant's pretrial release, finding, "based on the totality of what's in front of the Court, I do think the State has proven by clear and convincing evidence that no condition or combination of conditions of release would prevent the defendant from being charged with a subsequent felony or Class A misdemeanor."

¶ 17     This appeal followed. Defendant filed notices of appeal in both the criminal case and the DUI case. This court consolidated them for purposes of appeal by order on November 2, 2023.

¶ 18                                    II. ANALYSIS

¶ 19     On appeal, defendant's claim of error consists of checking a box on the form notice of appeal provided in the Article VI Forms Appendix to the Illinois Supreme Court Rules. See Ill. S. Ct. R. 606(d) (eff. Sept. 18, 2023), which says:

> "The court erred in its determination that no condition or combination of conditions would reasonably ensure the appearance of defendant for later hearings or prevent the defendant from being charged with a subsequent felony or Class A misdemeanor."

Elaborating in the spaces provided, defendant asserted:

> "At the hearing on the State's petition, [defendant] testified as to a combination of new, previously unordered conditions that would reasonably ensure his appearance for later hearings or prevent him from being charged with a subsequent felony or Class A misdemeanor. Specifically, [defendant] testified he would agree to complete alcohol substance use treatment and submit to random drug and alcohol testing. In response, the State did not present any evidence, let alone 'clear and convincing' evidence, that this new combination of conditions would fail to reasonably ensure [defendant's] appearance for later hearings or prevent him from being charged with subsequent felony or Class A misdemeanor offenses. Because the State failed to meet its burden, and because the court did

- 7 -

not adequately consider [defendant's] proposed combination of conditions, the court erred in revoking [defendant's] pretrial release."

¶ 20        OSAD filed a notice in lieu of a Rule 604(h) memorandum as provided under Rule 604(h)(2) (eff. Dec. 7, 2023). As a result, the quoted language above constitutes the entirety of defendant's argument on appeal.

¶ 21        Under section 110-6(a) of the Code, a defendant who has previously been granted pretrial release under the Act may have pretrial release revoked "only if the defendant is charged with a felony or Class A misdemeanor that is alleged to have occurred during the defendant's pretrial release after a hearing *** upon the filing of a verified petition by the State." 725 ILCS 5/110-6(a) (West 2022). The State bears "the burden of proving, by clear and convincing evidence, that no condition or combination of conditions of release would reasonably ensure the appearance of the defendant for later hearings or prevent the defendant from being charged with a subsequent felony or Class A misdemeanor." 725 ILCS 5/110-6(a) (West 2022).

¶ 22        Although the determination of whether pretrial release should be granted or denied is reviewed under an abuse-of-discretion standard (see *People v. Jones*, 2023 IL App (4th) 230837, ¶¶ 27, 30), the proper standard of review for revocation of pretrial release under the Act does not appear to have been addressed directly by any appellate or supreme court decision. See *People v. Smith*, 2023 IL App (1st) 231756-UB. However, even in those jurisdictions adopting a mixed standard of review of a circuit court's pretrial release decision under section 110-6.1 (725 ILCS 5/110-6.1 (West 2022)), where, as here, the State must meet its burdens by "clear and convincing evidence," courts acknowledge "[t]he trial court's pretrial release determination, modification of pretrial release determination, or revocation of pretrial release determination will not be reversed unless the determination was an abuse of discretion."

*People v. Gibbs*, 2023 IL App (5th) 230700-U; see *People v. Reynolds*, 2023 IL App (5th) 230817-U, ¶ 6; *cf. People v. Berry*, 2024 IL App (1st) 231997-U, ¶¶ 16-17 (citing *People v. Vingara*, 2023 IL App (5th) 230698, ¶ 10) (discussing only the court's findings regarding the State's burden and not the overall standard of review).

¶ 23    This court, following the reasoning of *People v. Inman*, 2023 IL App (4th) 230864, and *People v. Jones*, 2023 IL App (4th) 230837, has concluded both the circuit court's ultimate determination and its individual findings on the State's burdens under the Act are subject to an abuse of discretion standard. As we said in *Inman*:

> "A defendant *** may claim the State failed to fulfill its burden by 'clear and convincing evidence.' [Citation]. However, we are not reviewing the State's evidence anew. Instead, we are reviewing the circuit court's evaluation of that evidence for an abuse of discretion. '[W]e will not substitute our own judgment for the trier of fact on issues regarding the weight of the evidence or the credibility of the witnesses.' " *Inman*, 2023 IL App (4th) 230864, ¶ 11 (citing *People v. Vega*, 2018 IL App (1st) 160619, ¶ 44, 123 N.E.3d 393).

We found the circuit court was invested with the responsibility to consider the various factors found in section 110-6.1 relating to dangerousness and the feasibility of less restrictive conditions before deciding on detention, and we would not substitute our judgment for that of the circuit court. *Inman*, 2023 IL App (4th) 230864, ¶ 11.

¶ 24    The same holds true here. The procedure and burdens under section 110-6 of the Code (725 ILCS 5/110-6 (West 2022)) are substantially the same. The State is still obligated to show by clear and convincing evidence "that no condition or combination of conditions of release would reasonably ensure the appearance of the defendant for later hearings or prevent the

- 9 -

defendant from being charged with a subsequent felony or Class A misdemeanor." 725 ILCS 5/110-6 (West 2022). There is no reason to believe our standard of review would be any different here—we would not substitute our judgment for the circuit court who heard the evidence. "It is not the function of the reviewing court to retry the defendant." *People v. Jackson*, 2020 IL 124112, ¶ 64, 162 N.E.3d 223. These are factual determinations to be made by the circuit court, and as we said in *Jones*, "our supreme court has found that if the challenge presented is a factual one—as is here—a reviewing court will reverse the circuit court's ruling only if it constitutes an abuse of discretion." *Jones*, 2023 IL App (4th) 230837, ¶ 30.

¶ 25    We therefore conclude pretrial revocation proceedings are also subject to review under an abuse of discretion standard. "An abuse of discretion occurs when the circuit court's decision is arbitrary, fanciful or unreasonable or where no reasonable person would agree with the position adopted by the [circuit] court." (Internal quotation marks omitted.) *People v. Simmons*, 2019 IL App (1st) 191253, ¶ 9, 143 N.E.3d 833. Under this standard, a reviewing court will not substitute its own judgment for that of the circuit court simply because it would have analyzed the proper factors differently. *Inman*, 2023 IL App (4th) 230864, ¶ 11.

¶ 26    The State's verified petition alleged the commission of a Class A misdemeanor (criminal damage to property) after defendant was placed on pretrial release for a previous Class A misdemeanor (DUI) as required under section 110-6(a) of the Code (725 ILCS 5/110-6(a) (West 2022)). Defendant does not contest he was charged with an offense qualifying him for revocation of pretrial release, and his attorney said as much in his argument to the circuit court. The State seeks revocation, claiming "no condition or combination of conditions of release would reasonably ensure the appearance of the defendant for later hearings or prevent the

defendant from being charged with a subsequent felony or Class A misdemeanor." 725 ILCS 5/110-6(a) (West 2022).

¶ 27　　Defendant contends the circuit court erred in revoking his pretrial release because "the court did not adequately consider [defendant's] proposed combination of conditions." Defendant further contends the combination of "new, previously unordered conditions" to which defendant testified "would reasonably ensure his appearance for later hearings or prevent him from being charged with a subsequent felony or Class A misdemeanor," and the State's failure to show otherwise means they failed to meet their burden.

¶ 28　　This is the entirety of defendant's argument as contained in the notice of appeal. Defendant does not deny the veracity of any information presented by the State at the revocation hearing and, based on the claims raised in his notice of appeal, he does not otherwise argue he would not be subject to detention. He does not argue with the circuit court's analysis of the evidence presented at the revocation hearing beyond contending the court did not give his proposed conditions "adequate consideration." We are left to surmise what that means. Defendant makes no reference to evidence, testimony, or comments of the court in support of this conclusory claim. He is, in essence, asking us to reweigh the same evidence considered by the court. That we will not do. "[W]e are not reviewing the State's evidence anew. Instead, we are reviewing the circuit court's evaluation of that evidence for an abuse of discretion." *Inman*, IL App (4th) 230864, ¶ 12. Further, we will not construct an argument the court did not give defendant's proposals "adequate consideration" or scour the record to determine what inadequate consideration would entail. "[A] reviewing court is not simply a depository into which a party may dump the burden of argument and research." *People ex rel. Illinois Department of Labor v. E.R.H. Enterprises, Inc.*, 2013 IL 115106, ¶ 56, 4 N.E.3d 1.

¶ 29    Defendant's argument overall is based on one faulty premise—just because defendant testified to the things he said he would be willing to do, does not make it so. The circuit court was in the best position to gauge his credibility and obviously did so. *Inman*, 2023 IL App (4th) 230864, ¶ 11.

¶ 30    At the conclusion of the evidence, the circuit court made a detailed record, providing the specific, articulable facts upon which it relied in reaching its decision. In doing so, the court considered "all relevant circumstances, including but not limited to the nature and seriousness of the violation or criminal act alleged" in the State's petition for revocation of pretrial release. 725 ILCS 5/110-6(a) (West 2022). The court recognized the State's burden "to prove by clear and convincing evidence that no condition or combination of conditions of release will reasonably ensure the appearance of the defendant for later hearings or prevent the defendant from *** being charged with a subsequent felony or Class A misdemeanor." 725 ILCS 5/110-6(a) (West 2022). The court acknowledged the State's proffers regarding both offenses and the evidence of an uncharged injury to his girlfriend, noting the new offense was a violation of his release "just a few months beforehand." The court considered defendant's pretrial risk assessment, which placed him at a "moderate—moderate/high risk," and referenced his history of prior battery and domestic battery convictions. Pointing out how defendant was on probation for a battery, the court observed, "[W]hile he's out on probation, while he's out on bond on a subsequent charge, he yet again picks up another set of charges, which is criminal damage to property." Specifically, the court observed defendant had been charged with the DUI in July, and, while on probation for the previous battery and released on the DUI, he was charged with the new offense involving his girlfriend. The court also considered the relevant terms of

probation and his previous bond, which were violated by the new charges and evidence of alcohol consumption.

¶ 31    The circuit court found, based on the "totality of what's in front of the Court," that "the State has proven by clear and convincing evidence that no condition or combination of conditions of release would prevent the defendant from being charged with a subsequent felony or Class A misdemeanor" (725 ILCS 5/110-6(a) (West 2022)) and revoked defendant's pretrial release. From the record, it is also obvious the court heard and considered both the testimony of defendant and the arguments of counsel since, after revoking his release, it was the court, not defendant's counsel, who suggested a substance abuse treatment evaluation while defendant was detained, describing it as "a good place to start." Accordingly, we do not find the court's conclusion the State met its burden by clear and convincing evidence to be one where "no reasonable person would agree with the position adopted by the [circuit] court." *People v. Becker*, 239 Ill. 2d 215, 234, 940 N.E.2d 1131, 1142 (2010).

¶ 32    After a full hearing, with defendant and appointed counsel present, the circuit court found defendant had been given the opportunity to be heard, was "heard by the Court," and was allowed to present evidence in mitigation. The State presented, by proffer, evidence establishing defendant's repeated violations of both probationary and pretrial release orders by engaging in prohibited conduct and committing additional offenses. After providing the basis for its decision in open court, the court then entered a written order, which complied with all the requirements of section 110-6(a) of the Code (725 ILCS 5/110-6(a) (West 2022)). Because the court complied with the requirements of the Code and made all necessary findings, based on this record, we find no reason to conclude the court's decision was "arbitrary, fanciful, or unreasonable." *Simmons*, 2019 IL App (1st) 191253, ¶ 9.

## III. CONCLUSION

For all these reasons, we affirm the circuit court's order.

Affirmed.