2024 IL App (1st) 232062-U

No. 1-23-2062B

Order filed January 19, 2024

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) | |
| vs. | ) | No. 23 CR 10956 |
| JEFFREY HOOD, | ) | Honorable Shelly Sutker-Dermer, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE MARTIN delivered the judgment of the court.
Presiding Justice Rochford concurred in the judgment.
Justice Ocasio III dissented.

**ORDER**

¶ 1    *Held*:   The circuit court's order granting the State's petition for revocation was not an abuse of discretion where the State met its burden of clear and convincing evidence.

¶ 2    Defendant Jeffrey Hood appeals the circuit court's order granting the State's petition for revocation of pretrial release, pursuant to Illinois Supreme Court Rule 604(h) (eff. Sept. 18, 2023). Hood was arrested and charged after the effective date of Public Act 101-652 (eff. Jan. 1, 2023), commonly known as the Safety, Accountability, Fairness and Equity-Today (SAFE-T) Act (Act).[1]

---

[1]"The Act has also sometimes been referred to in the press as the Pretrial Fairness Act. Neither name is official, as neither appears in the Illinois Compiled Statutes or public act." *Rowe v. Raoul*, 2023 IL 129248, ¶ 4 n. 1.

For the following reasons, we affirm.

## I. BACKGROUND

Hood was charged by indictment with one count of the Class 2 felony of aggravated battery of a peace officer, 720 ILCS 5/12-3.05(d)(4) (West 2022), and one count of criminal trespass to land, 720 ILCS 5/21-3(a)(2) (West 2022). At an October 4, 2023 hearing, he was granted pretrial release with standard conditions,[2] the requirement to report to the Adult Probation Department's Pretrial Services Division and ordered to refrain from going to a local high school.

Pursuant to section 5/110-6 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-6 (West 2022)), the State filed a petition for revocation of pretrial release. The petition alleged that while on pretrial release in the instant case, Hood was charged with a new felony, armed habitual criminal (AHC), 720 ILCS 24-1.7(a) (West 2022). The State asserted that "no condition or combination of conditions of release would reasonably ensure the appearance of [Hood] for later hearings [and] prevent [Hood] from being charged with a subsequent Felony or Class A Misdemeanor."

The court conducted a hearing on the petition on October 23. The State proceeded by proffer, explaining that:

> "the case that's before you is case No. 23CR1095601. On that case, he is charged with an aggravated battery to a police officer. The facts are that on October 3rd of 2023, officers were dispatched to a fight between juveniles at North-Grand High School located at 4338 West Wabansia Avenue.
>
> Officers approached the juveniles to break up a fight. One of the juveniles was [Hood's] stepdaughter. [Hood] was on scene. And as the police approached [Hood's]

---

[2]These conditions are to: appear in court, submit to the orders of the court, not violate any criminal statute of any jurisdiction, and file a written notice within 24 hours after a change of address.

stepdaughter, [Hood] stepped in and interfered. He began pulling his stepdaughter away from the police officer, and [Hood] then pushed Officer Pagan with two hands in the chest. He was wearing full Chicago Police Department uniform and acting in his official duties on that day.

*** 

And at the time he also had a pending misdemeanor battery in Branch 43.

Judge, then [Hood] was again arrested October 19th. Officers responded. Officers were dispatched to a call of a person trespassing at Harris Ice, located at 3927 West Fifth Avenue.

*** 

The caller described [Hood]. He was wearing acid washed jean jacket, sunglasses, black hoodie, gray jeans and a baseball cap. Officers were also notified from the caller that [Hood] was armed with a handgun.

He was in that location attempting to take dry ice from the business; however, he then fled that location, and officers observed [Hood] matching the description that was provided by the caller and placed [Hood] into custody and conducted a protective pat-down, and officers then recovered a semi-automatic 45-caliber handgun with blue finish—it was loaded—from [Hood]'s left jacket pocket.

[Hood] was then relocated to the Harris Ice location and was positively identified by the caller. [Hood] did not have a valid FOID or Concealed Carry License, and he was previously convicted of a 2020 possession of a firearm—excuse me, felon in possession of a firearm."

The State expounded on Hood's criminal background, explaining he had a 2015 conviction for aggravated battery in a public place, a 2012 conviction for manufacture or delivery of heroin, a

2011 conviction for manufacture or delivery of cannabis, and a 2019 misdemeanor conviction for domestic battery. The State indicated that at the time Hood was arrested in the instant matter, he also had a pending misdemeanor battery in Branch 43. Hood was currently being detained on the AHC charge. Further, the court had at its disposal the public safety assessment from pretrial services which indicated that Hood (1) scored a 6 out of 6 on the "new criminal activity scale," indicating that he was at the highest risk of reoffending, and (2) had three prior violent convictions. Accordingly, the State argued that there were no set of conditions that would allow Hood to comply with the Court's orders and prevent him from "picking up" any further criminal cases.

¶ 7        Defense counsel argued the petition should be denied and stated that Hood had complied in the instant matter with reporting to pretrial services. Counsel further argued that Hood was present at the school to pick up his stepdaughter, who is one of three children living with Hood and his pregnant girlfriend. During the incident at issue, he was attempting to protect his stepdaughter, who was on the ground after the police officer had separated two minors involved in an altercation. In other mitigation, counsel argued that Hood is 42 years old, has been working in refrigeration for several years, takes classes, and has an older daughter in college that he supports. Further, Hood has attended Garfield Community Church for 10 years, where he participates as a mentor in the youth camp program. Lastly, counsel informed the court that Hood has some mental health diagnoses, for which he is currently taking medication.

¶ 8        The court granted the State's petition for revocation of pretrial release, noting that Hood had been charged with a Class X felony while on pretrial release for aggravated battery to a peace officer. The court further found, by clear and convincing evidence, that no condition or combination of conditions of release would reasonably prevent Hood from being charged with a subsequent felony or Class A misdemeanor. Accordingly, the court ordered Hood to be detained by the Cook County sheriff. On November 2, Hood filed a timely notice of appeal.

4

¶ 9                                    II. ANALYSIS

¶ 10        On appeal, Hood argues the trial court erred when it revoked his pretrial release because electronic monitoring (EM) was sufficient to prevent him from committing any new offenses. The State counters that the trial court did not abuse its discretion in revoking Hood's pretrial release where the court found that Hood was charged with a subsequent felony while on pretrial release in the instant case.

¶ 11        In considering this appeal, this court has reviewed the following documents which Hood and the State have submitted under Illinois Supreme Court Rule 604(h) (eff. Sept. 18, 2023): (1) Hood's notice of appeal pursuant to the Act, (2) the supporting record, (3) Hood's supporting memorandum, and (4) the State's response to Hood's memorandum.

¶ 12                               A. Standard of Review

¶ 13        We initially note that the parties disagree on the appropriate standard of review. Hood contends the standard of review is *de novo*, where the court considered only documentary evidence. Nonetheless, Hood argues, reversal is required under any standard of review. The State argues the applicable standard regarding revocation of pretrial release is abuse of discretion. We agree with the State. To our knowledge, the appropriate standard of review for revocation of pretrial release under section 5/110-6 of the Code has not been directly addressed by any appellate or supreme court opinion. See *People v. Reed*, 2024 IL App (4th) 231074-U, ¶ 22; *People v. Smith*, 2023 IL App (1st) 231756-U, ¶ 23. However, as noted recently by a panel of the fourth district,

>        "even in those jurisdictions adopting a mixed standard of review of a circuit court's pretrial release decision under section 110-6/1, where, as here, the State must meet its burdens by 'clear and convincing evidence,' court's acknowledge '[t]he trial court's pretrial release determination, modification of pretrial release determination, or revocation of pretrial release determination will not be reversed unless the determination was an abuse

of discretion.' *People v. Gibbs*, 2023 IL App (5th) 230700-U, ¶ 6; see *People v. Reynolds*, 2023 IL App (5th) 230817-U, ¶ 6; *cf. People v. Berry*, 2024 IL App (1st) 231997-U, ¶¶ 16-17 (citing *People v. Vingara*, 2023 IL App (5th) 230698, ¶ 10) (discussing only the court's findings regarding the State's burden and not the overall standard of review)." (*Reed*, 2024 IL App (4th) 231074-U, ¶ 22.

¶ 14 However, as we have previously concluded, appeals of bail orders under Illinois Supreme Court Rule 604(c)(1) (eff. Sept. 18, 2023) have historically been reviewed using an abuse of discretion standard. *People v. Inman*, 2023 IL App (4th) 230864, ¶ 10. While Illinois Supreme Court Rule 604(h) (eff. Sept. 18, 2023) provides a new procedure for these types of appeals, "the Act neither mandates nor suggests a different standard of review." *Inman*, 2023 IL App (4th) 230864, ¶ 11.

¶ 15 "A defendant appealing under Rule 604(h) may claim the State failed to fulfill its burden by 'clear and convincing evidence.' See Ill. S. Ct. R. 604(h)(1)(iii) (eff. Sept. 18, 2023). However, we are not reviewing the State's evidence anew." *Id*. Rather, we review the circuit court's evaluation of that evidence for an abuse of discretion, as "a court's decisions regarding whether the State proved by clear and convincing evidence that release conditions would not protect the community is inextricably linked to any decision to grant or deny pretrial release." *People v. Jones*, 2023 IL App (4th) 230837.

¶ 16 We believe the standard of review should be no different here, and therefore we apply an abuse of discretion standard. An abuse of discretion occurs when the circuit court's " 'ruling is arbitrary, fanciful, unreasonable, or where no reasonable person would take the view adopted by the circuit court.' " *In re Marriage of Heroy*, 2017 IL 120205, ¶ 24 (quoting *Blum v. Koster*, 235 Ill. 2d 21, 36 (2009)); see *People v. Johnson*, 2019 IL App (3d) 190582, ¶ 8. This court will not substitute our judgment for that of the circuit court merely because we may have analyzed the

appropriate factors differently. *Inman*, 2023 IL App (4th) 230864, ¶ 11.

¶ 17                                    B. Revocation of Pretrial Release

¶ 18          Pursuant to the Code, "it is presumed that a defendant is entitled to release on personal recognizance on the condition that the defendant shall attend all required court proceedings and the defendant does not commit any criminal offense, and complies with all terms of pretrial release." 725 ILCS 5/110-2(a) (West 2022). It is the State's burden to prove by clear and convincing evidence that "no condition or combination of conditions of release would reasonably ensure the appearance of the defendant for later hearings or prevent the defendant from being charged with a subsequent felony or Class A misdemeanor." 725 ILCS 5/110-6(a) (West 2022). Upon such a showing, the trial court may order a defendant detained if the defendant is charged with a qualifying offense and the circuit court concludes the defendant poses a real and present threat to the safety of any persons or the community. 725 ILCS 5/110-6.1(a)(1-7) (West 2022). If the court finds that detention is not appropriate, it can impose additional conditions as it deems necessary. 725 ILCS 5/110-10(b) (West 2022).

¶ 19          If previously granted, "pretrial release may be revoked only if the defendant is charged with a felony or Class A misdemeanor that is alleged to have occurred during the defendant's pretrial release after a hearing on the court's own motion or upon the filing of a verified petition by the State." 725 ILCS 5/110-6(a) (West 2022). During a revocation hearing, the court shall consider all relevant circumstances, including, but not limited to, the nature and seriousness of the violation or criminal act alleged." *Id*. If the court decides that revocation is not appropriate, it "may release the defendant pre-trial, with or without modification of conditions of pretrial release." *Id*.

¶ 20          For the following reasons, we do not believe the trial court abused its discretion in determining that there were no conditions or combinations of conditions that could have prevented

Hood from being charged with a subsequent felony or Class A misdemeanor. The record demonstrates that the court relied on the fact that—while on pretrial release in this case—Hood was arrested and charged with AHC, a Class X felony. As a condition of his pretrial release, Hood was required to, *inter alia*, not violate any criminal statute of any jurisdiction. The trial court specifically found that Hood was on pretrial release for case 23 CR 10956 when he allegedly committed a Class X felony (case 23111321801), a mere two weeks after the instant offense occurred. The record supports this conclusion. While Hood argues he complied with his pretrial release restrictions, he points only to his compliance with the conditions that he report to pretrial services and stay away from his stepdaughter's high school. He does not acknowledge his failure to refrain from violating any criminal statute.

¶ 21    Hood contends the court could have sufficiently minimized any risk he had of reoffending by employing EM as a condition of release. Hood offers no more than a conclusory statement that "[b]ecause Jeffrey had not been previously placed on electronic monitoring (EM) and did not have an apparent history of failures to appear, the State did not show that no conditions of release could reasonably ensure his appearance." Further, Hood emphasizes the same mitigating factors provided at his revocation hearing—his role as a caretaker for his children and pregnant girlfriend, his employment, his involvement in church, and the fact that he was taking classes. But none of the mitigating factors Hood relies upon previously prevented him from violating his pretrial release in the instant case when he was arrested for a serious felony. The State proffered clear and convincing evidence that no condition or combination of conditions of release would reasonably prevent Hood from being charged with yet another subsequent felony or Class A misdemeanor. Given Hood's criminal history, it was not unreasonable, arbitrary, or fanciful for the trial court to agree with the State. Consequently, we cannot say the circuit court erred when it revoked Hood's pretrial release.

¶ 22                                   III. CONCLUSION

¶ 23       Following a thorough review of the record on appeal, for the reasons stated, we find the

court did not err when it revoked Hood's pretrial release. The mandate in this case shall issue

immediately. See *People v. Gil*, 2019 IL App (1st) 192419, ¶ 21.

¶ 24       Affirmed.

¶ 25   JUSTICE OCASIO III, dissenting:

¶ 26       I respectfully dissent from the decision revoking Jeffrey Hood's pretrial release. As the

majority correctly recognizes, the State bore "the burden of proving, by clear and convincing

evidence, that no condition or combinations of conditions of release would reasonably ensure the

appearance of the defendant for later hearings or prevent the defendant from being charged with a

subsequent felony or Class A misdemeanor." 725 ILCS 5/110-6(a) (West Supp. 2023). One of the

conditions of release contemplated by the new pretrial-release provisions is that the defendant be

placed on "pretrial home supervision *** with or without the use of an approved electronic

monitoring device." 725 ILCS 5/110-10(b)(5) (West Supp. 2023). Hood argues that the trial court

erred by jumping straight to revocation rather than ordering home confinement with electronic

monitoring as a condition of his release. The majority rejects this argument as conclusory, but that

gets it backwards: Hood did not have the burden of showing that home confinement with electronic

monitoring was adequate; the State had the burden of showing that it was not. The facts proffered

by the State showed that both the underlying charge and the new charge that prompted the

revocation hearing involved alleged offenses that took place in public, not in the home. The State's

proffer included no information indicating that home confinement with electronic monitoring

would not reasonably ensure that Hood committed no further crimes. In the absence of any

indication that home confinement with electronic monitoring was either unavailable or inadequate

under the circumstances of this case, the trial court's finding that the State had met its burden by

clear and convincing evidence is arbitrary and unreasonable. I would therefore find that the trial court abused its discretion.

¶ 27    The trial court failed to articulate the reasons for its decision. At the end of the revocation hearing, the Court stated:

> "The defendant on the case before me has a pending case, and this Court finds that based on a petition from the State requesting revocation and based on what I have heard in the hearing that the defendant, while on pretrial release, did, in fact, pick up a new charge of armed—I believe it's armed habitual but I want to make sure that's the correct charge—armed habitual criminal, which is a Class X felony, while on bond for this aggravated battery to a peace officer, and that it occurred while on his pretrial release.
>
> The Court further finds that by clear and convincing evidence that no condition or conditions at this moment release would be reasonable to prevent him from being charged with another subsequent felony or Class A misdemeanor.
>
> It is therefore ordered that the defendant's pretrial release in this case be revoked and he be remanded to the Cook County Jail under further order of this Court."

The court's written revocation order is a form with checkboxes. It adds nothing to what was said in open court, and it provides no insight into why the court determined there were no conditions or combinations of conditions for ensuring that he would not be charged with another offense. In short, the record shows us that the trial court found that the standard for revocation had been met, but it does not tell us either why or how. Without an explanation for why the court found as it did, we cannot conduct a "meaningful review of its exercise of discretion." *People v. Ortega*, 209 Ill. 2d 354, 360 (2004).

¶ 28    Furthermore, as a matter of procedural fairness, the accused is entitled to an explanation as to why a judge has ordered him to be detained. A statement of reasons is a requirement of procedural due process at proceedings to revoke parole and probation even after a defendant has been found guilty beyond a reasonable doubt. *Morrisey v. Brewer*, 408 U.S. 471, 489 (1972);

*Gagnon v. Scarpelli*, 411 U.S. 778, 786 (1973). I cannot fathom why revocation of pretrial detention, at which time the accused is still cloaked with a presumption of innocence, would not require at least as much. See *State v. Burgins*, 464 S.W.3d 298, 310 n.7 (Tenn. 2015). Indeed, this due-process protection is expressly provided for in the statute that governs denials of pretrial release. When entering a detention order, the statute requires the trial court to explain in writing its "reasons for concluding that the defendant should be denied pretrial release, including why less restrictive conditions" would not be adequate. 725 ILCS 5/110-6.1(h)(1) (West Supp. 2023). Whether that provision also governs revocation proceedings is an open question that we have not been asked to answer in this appeal. But even if it does not, the defendant still has a right to know why the trial court found as it did. In my view, due process of law—not to mention fundamental fairness—requires no less.