NOTICE
This Order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2024 IL App (4th) 240022-U

NOS. 4-24-0022, 4-24-0023 cons.

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
February 26, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Adams County |
| TADARRYL D. WASHINGTON, | ) | Nos. 22CF625 |
| Defendant-Appellant. | ) | 23CF389 |
| | ) | |
| | ) | Honorable |
| | ) | Talmadge "Tad" Brenner, |
| | ) | Judge Presiding. |

JUSTICE CAVANAGH delivered the judgment of the court.
Justices Knecht and DeArmond concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The appellate court reversed, finding the trial court abused its discretion when granting the State's petition to revoke pretrial release where the record on appeal failed to show defendant had been formally charged with a subsequent felony or Class A misdemeanor.

¶ 2    Defendant, Tadarryl D. Washington, appeals the trial court's order revoking his pretrial release pursuant to the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110 *et seq.*) (West 2022)), hereinafter as amended by Public Act 101-652 (eff. Jan. 1, 2023), commonly known as the Pretrial Fairness Act (Act). On appeal, defendant argues (1) he was not charged with a qualifying offense to revoke his pretrial release, (2) the State failed to prove by clear and convincing evidence he posed a real and present threat to any person(s) or the community, and (3) because he had not filed a petition seeking to modify his release conditions,

he should have remained under the provisions of his monetary bail that were in effect prior to the Act going into effect. We reverse.

¶ 3                                    I. BACKGROUND

¶ 4            In November 2022, in Adams County case No. 22-CF-625, defendant was indicted on two counts of aggravated domestic battery (720 ILCS 5/12-3.3(a-5); (a)-(b) (West 2022)) for strangling Tonja Anders and striking her in the face and one count of domestic battery (*id.* § 12-3.2(a)(2), (b)) for making physical contact of an insulting and provoking nature by striking Anders in the face after having been previously convicted of domestic battery in Adams County case No. 19-CF-175. All of defendant's charges were felonies. On January 31, 2023, defendant posted bond in the matter and was released with conditions, including that he not violate any criminal statute of any jurisdiction.

¶ 5            On June 26, 2023, in Adams County case No. 23-CF-389, defendant was charged by information with felony aggravated battery (*id.* § 12-3.05(c)) for making contact of an insulting or provoking nature when he punched Jason Harbison at a public place of accommodation or amusement. The public place of accommodation or amusement listed in the information is South Side Laundry located at 1000 S. 8th Street in Quincy, Illinois. On June 27, 2023, defendant posted bond in this matter and was released with conditions, including that he not violate any criminal statute of any jurisdiction.

¶ 6            On December 15, 2023, the State filed a verified petition to revoke or modify defendant's pretrial release conditions on the grounds defendant had been granted pretrial release for a felony or Class A misdemeanor and was charged with a subsequent felony or Class A misdemeanor during his pretrial release. The matter was set for a detention hearing on December 19, 2023.

- 2 -

¶ 7        At the detention hearing, defendant's retained counsel was permitted to withdraw. The trial court appointed the public defender's office for the purposes of his detention hearing. The State tendered a Preliminary Law Enforcement Arrest Report (PLEAR) into evidence. The PLEAR showed a probable cause statement from a police officer stating that on December 14, 2023, he was dispatched to a Save-A-Lot grocery store to respond to a disturbance. There the officer identified defendant and a female, Stacie Herpin, sitting at a "gambling machine." Both stated they had only been in a verbal argument and nothing physical had occurred. Herpin stated she was in an "off-and-on" relationship with defendant. The PLEAR noted surveillance video showed defendant and Herpin at a gambling machine when defendant jumped out of his chair and "used two hands to quickly push Herpin back away from him." Defendant continued to advance toward Herpin as she retreated. Herpin had a bruise on her face, but she stated she had fallen down steps that day while doing laundry and that it was not caused by defendant. Herpin did not want to press charges against defendant. Based on the surveillance video, officers determined there was  probable cause to arrest defendant. The PLEAR noted Herpin had sought an emergency order of protection against defendant, which was included in the PLEAR, but Herpin had "dismissed" it on December 13, 2023.

¶ 8        The parties then proceeded to argument. The State argued defendant had been charged in Adams County case Nos. 23-CF-389 and 22-CF-625 with felonies and, while on pretrial release in those matters, he committed a new aggravated domestic battery offense. The State then directed the trial court to the evidence located in the PLEAR. Defendant argued the incident only alleged pushing and the video did not include audio or demonstrate what had led up to the incident.

¶ 9        When making its decision, the trial court stated it had considered the PLEAR and arguments from the parties. The court found the new offense had occurred at a public place of accommodation or amusement because the events occurred at a gambling machine. The court stated the PLEAR indicated "the named victim" had bruising. The court found defendant had been granted pretrial release for a felony or Class A misdemeanor and was now being charged with a subsequent felony or Class A misdemeanor while on pretrial release. The court found by clear and convincing evidence no conditions would reasonably ensure defendant's appearance at subsequent proceedings or prevent him from being charged with a subsequent felony or Class A misdemeanor. The court revoked defendant's pretrial release. While the court was reading defendant's appeal rights, defendant was removed from the courtroom due to his outburst.

¶ 10        Defendant utilized the notice of appeal form in the Article VI Forms Appendix to the Illinois Supreme Court Rules. See Ill. S. Ct. R. 606(d) (eff. Dec. 7, 2023). On the form, defendant sought relief reversing the trial court's order revoking his pretrial release. Under the grounds for relief, defendant checked the following boxes, with his supporting detail shown in italics:

> "Defendant was not charged with an offense qualifying for denial or revocation of pretrial release or with a violation of a protective order qualifying for revocation of pretrial release.
>
> *In 23 CF 389, Defendant is charged with the offense of aggravated battery, predicated on allegedly occurring at a public place of accommodation or amusement. Moreover, the physical contact is alleged to be insulting and provoking in nature. This offense is not one of the enumerated offenses in 725 ILCS 5/110-6.1.*"

"The State failed to meet its burden of proving by clear and convincing evidence that defendant poses a real and present threat to the safety of any person or persons or the community, based on the specific, articulable facts of the case.

*The conduct alleged to have occurred during Defendant's pretrial release involved only pushing in a public place and was insulting and provoking.*"

"Other (explain).

*In 22 CF 625, cash bail had been set on 11/1/22. Moreover, Defendant did not file a petition seeking the removal of a monetary bail condition (cash bail) and the case should have remained under the provisions of the law as it was in effect prior to September 18, 2023.*"

¶ 11 This appeal followed.

¶ 12 II. ANALYSIS

¶ 13 On January 29, 2024, the Office of the State Appellate Defender, defendant's appointed counsel on appeal, filed a notice with this court indicating it was not filing a Rule 604(h) memorandum (see Ill. S. Ct. R. 604(h) (eff. Dec. 7, 2023)). Therefore, we examine the arguments set forth in defendant's notice of appeal.

¶ 14 We review the trial court's decision to revoke a defendant's pretrial release for an abuse of discretion. *People v. Jones*, 2023 IL App (4th) 230837, ¶ 30; see *People v. Reed*, 2024 IL App (4th) 231074-U, ¶¶ 22-25 (explaining why this court uses the same standard of review for hearings for the revocation of pretrial release as hearings for the denial of pretrial release). A court abuses its discretion by issuing a decision that is arbitrary, fanciful, or unreasonable—that

is, a decision with which no reasonable person would agree. *People v. Inman*, 2023 IL App (4th) 230864, ¶ 10.

¶ 15       The Code  provides a defendant who had previously been granted pretrial release under the Code  may have his pretrial release revoked "only if the defendant is charged with a felony or Class A misdemeanor that is alleged to have occurred during the defendant's pretrial release after a hearing on the court's own motion or upon the filing of a verified petition by the State." 725 ILCS 5/110-6(a) (West 2022).

¶ 16       Defendant's first contention from his notice of appeal is that he was not charged with a qualifying offense to revoke his pretrial release. Defendant's supporting argument from the notice of appeal points to his charge in case No. 23-CF-389 and disputes whether the aggravated battery as charged is an enumerated offense under section 110-6.1 of the Code (725 ILCS 5/110-6.1 (West 2022)).

¶ 17       First, section 110-6(a) of the Code does not enumerate qualifying offenses like section 110-6.1, which pertains to the denial of pretrial release. Section 110-6(a) simply requires a defendant be charged with a "felony or Class A misdemeanor" that occurred while said defendant was on pretrial release for a different felony or Class A misdemeanor. *Id.* § 110-6(a). Second, the record shows the State was seeking to revoke defendant's pretrial release in case Nos. 23-CF-389 and 22-CF-625, not to use case No. 23-CF-389 as the basis for revocation. We can glean from the record there was yet a third case for which defendant is alleged to have committed an aggravated domestic battery. However, this leads us to the very problem with this case.

¶ 18       As a reviewing court, we have an "obligation to afford meaningful review under the Act." *People v. Martin*, 2023 IL App (4th) 230826, ¶ 25. Additionally, we must liberally

construe the contents of a defendant's notice of appeal. *Id.* ¶ 18. Here, defendant's first contention is that he was not charged with a qualifying offense to support revoking his pretrial release. Based on the record, we must agree with defendant. The third case documented at the detention hearing from the PLEAR is not formally recognized anywhere in the record on appeal.

¶ 19    Section 110-6(a) provides for the revocation of pretrial release as a consequent "only if the defendant is *charged*." (Emphasis added.) 725 ILCS 5/110-6(a) (West 2022). The basic antecedent condition for revoking defendant's pretrial release is missing here: the charging document for the third case on which the State predicates its verified petition. The third case could have been included in the record on appeal by the State attaching the charging document to its verified petition to revoke or by the trial court taking judicial notice of the charging document at the detention hearing. Rather, the State simply argued defendant had been charged in a third case, and the court agreed. This series of events is simply not sufficient to afford meaningful review to defendant. The failure to include the charging document that provided the basis for revoking defendant's pretrial release left the court without a sufficient basis to grant the State's petition. Therefore, the court abused its discretion when it granted the State's petition.

¶ 20    Because we find the trial court abused its discretion concerning defendant's first contention, we need not address defendant's remaining contentions on appeal. We note our reversal of the court's order should not be seen as any indication of the merits of the State's petition.

¶ 21                                III. CONCLUSION

¶ 22    For the reasons stated, we reverse the trial court's judgment.

¶ 23    Reversed; cause remanded.